Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Theresa M. Santos
Nevada State Bar No. 9448
tsantos@wl-llp.com
WATKINS & LETOFSKY, LLP
8215 S. Eastern Ave., Suite 265
Las Vegas, NV 89123
Office: (702) 901-7553; Fax: (702) 974-1297
Attorneys for Plaintiff, Emily Baack

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EMILY BAACK,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ASURION, LLC., a foreign corporation; and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No.: 2:20-CV-00336<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL**) |

COMES NOW, Plaintiff, Emily Baack (herein "PLAINTIFF or MS. BAACK") and files this civil action against Defendants, and each of them, for violations of The Americans with Disabilities Act, 42 U.S.C. §12222 et seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

//
//
//
//
//
//

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §2000e which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 29 U.S.C. §621 et seq. have occurred or been complied with:

 a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of PLAINTIFF instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

 b. A Notice of Right to Sue in Federal Court was received from the EEOC, dated November 20, 2019.  (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1".)

6. This complaint is filed within 90 days of receipt of the EEOC's Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

## PARTIES

### PLAINTIFF

8. PLAINTIFF, EMILY BAACK, was a qualified/eligible "employee" of Defendant, ASURION., within the meaning of the American with Disabilities Act, 42 U.S.C. §12112 et seq., and Nevada Revised Statutes §§ 608.010 and 613.010 *et seq.*; and related claims under Nevada law.

### DEFENDANTS

9. Defendant, ASURION, LLC., (hereinafter "ASURION" or "DEFENDANT") is a foreign corporation qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of the American with Disabilities Act, 42 U.S.C. §12112 et seq., Nevada Revised Statutes §§ 608.010 and 613.010 *et seq.*; and related claims under Nevada law.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, inclusive are unknown to Plaintiff at this time, who therefore sues said Defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each of the fictitiously named DEFENDANTS are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. PLAINTIFF will seek leave to amend this Complaint when the true names, capacities, participation and responsibilities have been ascertained**.**

### STATEMENT OF FACTS

11. PLAINTIFF, EMILY BAACK, is a 48 year old female with a date of birth of June 3, 1971. MS. BAACK is a former employee of Defendant ASURION, where she worked as a supervisor. At the time of her employment, MS. BAACK was paid $51,000.00 annually. She was employed by Defendant ASURION from October 1, 2018 to June 19, 2019.

12. DEFENDANT ASURION is a company that provides insurance for smartphones, tablets, consumer electronics, and other items.

1        13. MS. BAACK began working for DEFENDANT on or about October 1, 2018, as
2  a supervisor at Defendant's Las Vegas location.
3        14. On August 3, 2016, MS. BAACK'S teenage son, Chandler, was killed in an
4  automobile accident in Ft. Mitchell, Alabama.
5        15. Shanna Baack, the spouse of MS. BAACK'S ex-husband, was criminally
6  charged for Chandler's death.
7        16. Chandler Baack's birthday was April 20th.
8        17. Shanna Baack's criminal trial was scheduled to occur in June 2019.
9        18. MS. BAACK was scheduled to read a victim impact statement in court.
10        19. MS. BAACK sought professional therapy in the spring of 2019 because the
11  passing of Chandler's birthday, coupled with the anticipation of testifying in court
12  regarding his death, became emotionally overwhelming for her.
13        20. MS. BAACK'S therapist diagnosed her with Post-traumatic stress disorder
14  (hereinafter "PTSD").
15        21. MS. BAACK'S therapist encouraged MS. BAACK to take a leave of absence
16  following the criminal trial.
17        22. MS. BAACK'S therapist also encouraged her to take frequent breaks at work if
18  necessary.
19        23. MS. BAACK'S therapist completed an Accommodation Substantiation Form
20  for MS. BAACK with her recommendations.
21        24. MS. BAACK submitted the completed paperwork to the Asurion Disability and
22  Leave Service Center.
23        25. The Asurion Disability and Leave Service Center oversees disability and
24  FMLA claims.
25        26. Absence One manages the Asurion Disability and Leave Service Center.
26        27. Absence One granted the request for frequent breaks, but because the trial was
27  continued and a new date had not been set, denied the request for leave until a date certain
28  for the trial could be obtained.

28. On or about May 29, 2019, when operations manager, Donna Hangen, learned of MS. BAACK'S request for leave, she stated, "You don't need ADA for trial. You can take PTO. You have unlimited PTO."

29. MS. BAACK did not alter her accommodation request, despite this statement from Ms. Hangen.

30. On several occasions throughout her employment, MS. BAACK overheard her managers telling employees that they did not need to file for FMLA or seek an accommodation under the ADA because employees at Asurion had "unlimited PTO."

31. Sometime between June 1, 2019 and June 19, 2019, MS. BAACK overheard supervisor Brooke Mooney mention that she may need to utilize FMLA in order to care for her ill mother.

32. Manager Sara Cordo-Davis responded to Brooke, "You don't need to take FMLA because you have unlimited PTO." When Brooke asked Sarah Cordo-Davis if she would put that in writing, Sarah laughed and walked away.

33. On or about June 14, 2019 DEFENDANT placed MS. BAACK on suspension pending investigation. DEFENDANT did not discuss the subject of the investigation with MS. BAACK.

34. On or about June 19, 2019, MS. BAACK received a telephone call from Sarah Cordo-Davis and Senior Operators Manager David Sorongi. Defendant accused MS. BAACK of not performing her coaching, a duty of a supervisor.

35. MS. BAACK denied Defendant's claims.

36. Defendant fired MS. BAACK on June 19, 2019 on the pretext of unsatisfactory work performance.

37. Throughout the entire length of her employment, Defendant had never disciplined, warned, coached or counseled MS. BAACK about any unsatisfactory work performance.

38. DEFENDANT used 'unsatisfactory work performance' as a pretext to terminate MS. BAACK due to her request for accommodation.

39. A clear nexus exists between MS. BAACK making an accommodation request and DEFENDANT terminating MS. BAACK'S employment.

40. The despicable tactics of DEFENDANT caused a substantial burden to MS. BAACK'S rights and caused PLAINTIFF to suffer significant emotional distress, embarrassment, and humiliation, in addition to financial loss.

## COUNT I
## INTERFERENCE AND DISCRIMINATION WITH AMERICANS WITH DISABILITIES ACT
**Americans with Disabilities Act (42 U.S.C. §12101 *et seq.*)**
**(Against All Defendants)**

41. MS. BAACK hereby incorporates paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. At all times material hereto, MS. BAACK was an employee covered by and within the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA) 42 USC 12111(4)).

43. At all times material hereto, MS. BAACK was and is an individual with a disability within the meaning of the ADA, 42 USC 12102.

44. MS. BAACK is a qualified individual with a disability as that term is defined in the ADA, 42 USC 12111(8).

45. MS. BAACK'S PTSD is a mental condition that substantially limits one or more major life activities.

46. DEFENDANT was aware of MS. BAACK'S diagnosis and struggle with PTSD.

47. MS. BAACK'S disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in DEFENDANT'S decision to terminate her.

48. The actions of DEFENDANT were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of MS. BAACK.

//

//

49. As a direct and proximate result of DEFENDANT'S violation of MS. BAACK'S rights as alleged, MS. BAACK'S terms, conditions, and privileges of employment were adversely affected.

50. As a direct and proximate result of DEFENDANT'S wrongful acts and omissions, MS. BAACK has sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

51. MS. BAACK requests relief as described in the Prayer for Relief below.

### **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF, Emily Baack, prays that this Court grant the following relief:

1. Grant economic loss including front and back pay, plus interest.
2. Grant general and special damages in amounts according to proof.
3. Grant punitive damages.
4. Grant Reasonable attorneys' fees pursuant to 42 U.S.C. §12205, and other applicable statutes.
5. Grant costs of suit incurred herein; and
6. Grant such other and further relief as the court deems just and proper.

DATED this 17th day of February, 2020.

                WATKINS & LETOFSKY, LLP

                  /s/  Daniel R. Watkins

            By:_____
                DANIEL R. WATKINS
                THERESA M. SANTOS
                8215 S. Eastern Ave., Ste. 265
                Las Vegas, NV 89123
                Attorneys for Plaintiff, Emily Baack

## REQUEST FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), PLAINTIFF demands a trial by jury in this action on all issues so triable.

DATED this 17th day of February, 2020.

                              WATKINS & LETOFSKY, LLP

                              */s/*   Daniel R. Watkins

By:_____
   DANIEL R. WATKINS
   THERESA M. SANTOS
   8215 S. Eastern Ave., Ste. 265
   Las Vegas, NV 89123
   Attorneys for Plaintiff, Emily Baack

# **EXHIBIT 1**

Notice of Right to Sue

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Emily Baack | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2019-01659 | Saul Vazquez, Investigator | (702) 388-5812 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Patricia A. Kane,
Acting Director

NOV 2 0 2019
*(Date Mailed)*

Enclosures(s)

cc: April N. Knox
Director, Legal Counsel
ASURION
648 Grassmere Park
Nashville, TN 37211